**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 0901003188 |
| | ) | |
| | ) | |
| D'ANDRE ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: February 25, 2016
Decided: March 9, 2016

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S SECOND MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED.**

Timothy J. Donovan, Jr., Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

D'Andre Rogers, Sussex Correctional Institution, Georgetown, Delaware, *pro se.*

PARKER, Commissioner

This 9th day of March, 2016, upon consideration of Defendant's Second Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. In May 2010, following a Superior Court jury trial, Defendant D'Andre Rogers was found guilty of second degree murder (a lesser included offense of first degree murder), possession of a firearm during the commission of a felony, and possession of a deadly weapon by a person prohibited.[1]

2. The charges stemmed from the shooting death of Derek Hoey.[2] Defendant Rogers shot Hoey at least four times with a handgun, killing him.[3] Prior to trial, Defendant Rogers admitted to shooting Hoey in the thigh. At trial, Defendant Rogers testified that he lied to the police when he admitted that he shot Hoey. Defendant Rogers testified that another person actually shot Hoey but that he told the police he had done it to somehow protect that other person.[4]

3. On September 24, 2010, Defendant was sentenced to a total of forty years at Level V suspended after thirty-five years, followed by decreasing levels of probation.

4. Defendant filed a direct appeal to the Delaware Supreme Court. On March 20, 2012, the Delaware Supreme Court affirmed the decision of the Superior Court.[5]

5. On April 3, 2012, Defendant filed a *pro se* motion for postconviction relief. In that postconviction motion, Defendant raised a number of claims. Defendant contended that his counsel, both at trial and on appeal, provided ineffective assistance for a variety

---

[1] A bench trial was held on the third charge, possession of a deadly weapon by a person prohibited, and the judge delivered the verdict on that charge.
[2] *Rogers v. State,* 2012 WL 983198 (Del.); *State v. Rogers,* 2013 WL 285735 (Del.Super. 2013).
[3] *Id.*
[4] *Id.*
[5] *Rogers v. State,* 2012 WL 983198 (Del.).

1

of reasons. Defendant also contended that the jury instruction on the second degree murder charge was improper. He complained that his statement to the police and the redaction thereof was somehow improper. Defendant complained of juror misconduct. Defendant also complained that the evidence was insufficient to support his convictions.[6]

6. Before ruling on Defendant's first motion for postconviction relief, the record was enlarged and Defendant's trial counsel and appellate counsel were both directed to submit Affidavits responding to Defendant's ineffective assistance of counsel claims. Thereafter, the State filed a response to the motion and Defendant filed a reply thereto.

7. On January 17, 2013, after having fully, thoroughly and carefully reviewed and considered Defendant's claims, the Superior Court Commissioner issued her Report and Recommendation recommending that the postconviction motion be denied.[7] By Order dated February 22, 2013, the Superior Court adopted the Commissioner's report and recommendation and denied the postconviction motion.[8]

8. Defendant appealed the denial of his motion for postconviction relief to the Delaware Supreme Court. By Order dated April 10, 2013, the Delaware Supreme Court dismissed Defendant's appeal.[9]

9. On February 2, 2016, Defendant filed the subject motion for postconviction relief.

**DEFENDANT'S SUBJECT RULE 61 MOTION**

10. In the subject Rule 61 motion, Defendant re-raises the same issues he raised in his first Rule 61 postconviction motion. In addition, Defendant challenges his conviction in

---

[6] Superior Court Docket Nos. 61 & 62.
[7] *State v. Rogers,* 2013 WL 285735 (Del.Super. 2013).
[8] *State v. Rogers,* 2013 WL 1450928 (Del.Super. 2013).
[9] *Rogers v. State,* 2013 WL 1489472 (Del.).

light of the 2014 investigation of the OCME. Defendant claims that the "problems at the OCME" could have contributed to an unfair conviction.

11. In second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that new evidence exists that creates a strong inference that he is actually innocent of the charge for which he was convicted, or 2) the existence of a new rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[10] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[11]

12. Defendant's subject motion, his second Rule 61 motion, should be summarily dismissed. Defendant has not plead with particularity that any new evidence exists that creates a strong inference that he is actually innocent of the charge for which he was convicted nor that there is a new rule of law that would render his conviction invalid. As such, Defendant has failed to meet the pleading requirements allowing him to proceed with his Rule 61 motion.

13. Moreover, in addition to failing to meet the pleading requirements necessary to proceed with the subject motion, Defendant's motion also falls short of other procedural requirements that must be met. If a procedural bar exists, then the claim is barred and the court should not consider the merits of the claim.[12]

14. Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[13] (2) any basis for relief must be asserted

---

[10] Super.Ct.Crim.R. 61(d)(2)& (5); and Rule 61(i) (effective June 4, 2014)..
[11] Super.Ct.Crim.R. 61(d)(5).
[12] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[13] Super.Ct.Crim.R. 61(i)(1).

3

in the first timely filed motion for postconviction relief absent exceptional circumstances (ie. discovery of new evidence or new rule of constitutional law) warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[14]

15.     In the subject action, Defendant's motion is time-barred.  The final order of conviction was in March 2012, and this motion was filed in February 2016, almost 4 years later.[15]  This motion was filed well outside the applicable one year limit. Defendant's claims, at this late date, are time-barred.

16.     As previously discussed, Rule 61(i)(2) further precludes this court's consideration of Defendant's motion since Defendant has not satisfied the pleading requirements for proceeding with this motion.  Defendant has not established that new evidence exists creating a strong inference of Defendant's actual innocence or the existence of a new rule of constitutional law.

17.     In addition, Rule 61(i)(4) also precludes consideration of Defendant's motion since all the claims raised herein, with the exception of Defendant's OCME claim, were already raised and adjudicated on Defendant's direct appeal and/or in Defendant's prior Rule 61 postconviction relief motion  All of Defendant's claims, with the exception of the OCME claim, are now procedurally barred as previously adjudicated.

---

[14]  Super.Ct.Crim.R. 61 (effective June 4, 2014).
[15]  Super.Ct.Crim.R. 61(i)(1).

4

18.     To the extent that Defendant did not fully raise all of the subject claims on direct appeal or in his timely filed Rule 61 motion, Rule 61(i)(3) would prevent this court from considering any additional arguments or claims not previously raised. Defendant was aware of, had time to, and the opportunity to raise all of the claims presented herein in a timely filed motion. Defendant does not raise anything new or recently discovered.

19.     Defendant has not established any prejudice to his rights and/or cause for relief. Defendant had time and opportunity to raise any issue on direct appeal or in his prior, first, timely filed, Rule 61 motion and either did so, or neglected to do so. There is no just reason for Defendant's delay in doing so. Having already been provided with a full and fair opportunity to present any issue desired to be raised in a timely filed motion, any attempt at this late juncture to raise, re-raise or re-couch a claim is procedurally barred.

20.     Finally, turning to Defendant's OCME claim, Defendant contends that the allegations of misconduct of the OCME may have contributed to an unfair conviction.

21.     In February 2014, the Delaware State Police and the Department of Justice began an investigation into criminal misconduct occurring in the Controlled Substances Unit of the OCME. The investigation revealed that some drug evidence sent to the OCME for testing had been stolen by OCME employees in some cases and unaccounted for in other cases. There was no evidence to suggest that OCME employees "planted" evidence to wrongly obtain convictions. Nor was there evidence that the substances actually tested by the chemist were false.[16]

22.     The drug unit, the Controlled Substances Unit, was at the focus of the investigation of criminal misconduct. That unit was not involved in any respect in the subject case. A separate and different unit, the Forensic Unit performing autopsies, was

---

[16] *Brown v. State,* 2015 WL 307389, *3 (Del.)

the unit of the OCME that was involved in the case. This case involved a death, not drugs. The OCME unit involved in this case was not the subject of any "problems" and was not the subject of any investigation into misconduct. Defendant's claim that the OCME "problems could" have contributed to an unfair conviction has no factual foundation in this case.

23. Moreover, in this case, Dr. Adrienne Sekula-Perlman from the OCME testified that she performed the autopsy of the victim Derek Hoey[17]. She testified that the autopsy revealed that the victim died from multiple gunshot wounds.[18] The basis for Dr. Sekula-Perlman's opinion, that multiple gunshot wounds was the cause of Hoey's death, was thoroughly fleshed out, both during direct and on cross-examination, at trial.[19]

24. Although Defendant contended that the OCME "problems could" have contributed to an unfair conviction, Defendant does not provide any specifics as to how the OCME could have contributed in any way to an "unfair conviction" in this case. There was no dispute at trial that Hoey died from gunshot wounds. The focus at trial was on whether Defendant was the shooter. Defendant claimed at trial that someone else, not he, was the shooter. Dr. Sekula-Perlman did not testify as to the identity of the shooter, only that the victim died of gunshot wounds. A fact not in dispute at trial. Defendant's claim that the OCME "problems could" have contributed to an unfair conviction simply has no merit.

25. Defendant has failed to meet the pleading requirements for proceeding with the subject motion and, therefore, the motion should be summarily dismissed. Defendant's

---

[17] May 13, 2010 Trial Transcript, at pg. 12.
[18] May 13, 2010 Trial Transcript, at pgs. 39-41.
[19] May 13, 2010 Trial Transcript, at pgs. 6-43.

motion is also time barred, repetitive and could have been raised in prior proceedings and/or is otherwise procedurally barred.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be summarily dismissed.

**IT IS SO RECOMMENDED.**

_____/s/_____
Commissioner Lynne M. Parker

oc:    Prothonotary
cc:    Bernard J. O'Donnell, Esquire
       Ralph D. Wilkinson, IV, Esquire